IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| AVIS VENNESSA WILLIAMS, | ) | NO.: 22-10036 |
| | ) | |
| Debtor. | ) | CHAPTER 13 |

**RESPONSE TO DEBTOR'S EMERGENCY MOTION REQUESTING THE COURT TO HOLD, AMY KISER, ESQ. IN CONTEMPT FOR INTENTIONALLY VIOLATING AUTOMATIC STAY, AND FOR AN ORDER VACATING THE FORECLOSURE JUDGMENT AND CANCELING THE SALE**

COMES NOW U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust, by Fay Servicing, LLC (herein, "Creditor"), and for the reasons stated below, objects to the Debtor's Emergency Motion Requesting the Court to Hold, Amy Kiser, Esq. in Contempt for Intentionally Violating Automatic Stay, and for Order Vacating the Foreclosure Judgment and Canceling the Sale (Doc. No. 66) (the "Motion for Contempt").

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157 since it arises in and is related to the above-styled case.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (I), (K) and (O).

3. Venue does NOT appear to be proper in this Court pursuant to the provision of 28 U.S.C. § 1409. According to the address provided by the Debtor on the latest version of her voluntary petition in this case, the Debtor lives in Gwinnett County and more specifically, Lawrenceville, Georgia. Nor is the Property located in this district. Therefore, it is the position

1

of Creditor that venue is not proper in this district. A bankruptcy court may only hear a case in which venue is proper. *Blanco v. Bayview Loan Servicing, LLC*, 633 B.R. 714, 727 (Bankr. S.D. Tex. 2021)(*citing* 28 U.S.C. § 1409(a)). Creditor avers that this instant case is simply an attempt at forum shopping by the Debtor.

## THE PROPERTY

1. The property that is the subject of the Motion for Contempt is the real property located at and commonly known as 786 Crystal Bay Ln, Alafaya, FL 32828 (herein, the "Property")

## REQUEST FOR JUDICIAL NOTICE

2. Creditor requests that this Honorable Court take judicial notice of the Debtor's instant bankruptcy case as a whole, including the documents filed in the case, pursuant to Fed. R. Evid. 201 (e.g., the Claim and Objection and all supporting documents). See *In re Sacco Local Development Corp.*, 30 B.R. 862, 865 (Bankr. D. Me. 1983)("it is appropriate to take judicial notice of the debtor's bankruptcy case as a whole, including the documents filed in the case"). See also *In re Medlin*, 201 B.R. 188, 194 (Bankr. E.D. Tenn. 1996)(Stair, J.)(bankruptcy court took judicial notice that creditor had filed a proof of claim in the bankruptcy case); *In re Platt*, 292 B.R. 12 (Bankr. D. Mass. 2003).

3. Creditor further requests that this Honorable Court take judicial notice of the following bankruptcy cases as a whole that have affected the Property, as well as case 6:21-bk-05038-LVV in the Middle District of Florida.

| Court | Bkrptcy Case # | Date Filed | Date Dismissed | Reason |
|---|---|---|---|---|
| FLMBKE | 6:11-bk-11461 | 07/29/2011 | 08/25/2011 | Failure to file Information |
| FLMBKE | 6:12-bk-00122 | 01/05/2012 | 06/07/2012 | With a 2 Year Bar |
| FLMBKE | 6:12-bk-11028 | 08/14/2012 | 08/14/2012 | Nunc Pro Tunc and Extending Injunction |
| FLMBKE | 6:12-bk-16267 | 12/03/2012 | 12/03/2012 | Nunc Pro Tunc and Extending Injunction |
| FLMBKE | 6:13-bk-03642 | 03/27/2013 | 07/11/2013 | Failure to file Information |
| FLMBKE | 6:14-bk-08270 | 07/21/2014 | 11/07/2014 | For ABUSE |
| GAMBKE | 1:19-bk-11378 | 12/05/2019 | 12/30/2019 | Failure to file Information |
| FLMBKE | 6:20-bk-03803 | 07/02/2020 | 08/12/2020 | Failure to file Information |

4. Creditor asks that the Court take judicial notice of the Order granting relief pursuant to 11 U.S.C. § 362(d)(4) with respect to the Property. The order was entered by the U.S. Bankruptcy Court for the Middle District of Florida on February 2, 2022 in case 6:21-bk-05038-LVV (herein, the "Florida In Rem Order"). Said order was recorded in the Orange County, Florida records on February 11, 2022. A true and correct copy of the Florida In Rem Order is attached hereto and incorporated herein by reference as Exhibit A.

5. Creditor asks that the Court take judicial notice of the Final Judgment of Foreclosure entered with respect to the Property by the Circuit Court of the Ninth Judicial Circuit, In and For Orange County, Florida on or about June 20, 2022 (herein, the "Florida Foreclosure

Judgment"). A true and correct copy of the Florida Foreclosure Judgment is attached hereto and incorporated herein by reference as Exhibit B.

## SCOPE OF RESPONSE

6. The Motion for Contempt asks this Honorable Court to hold Amy Kiser, Esq. in contempt. However, the Motion for Contempt also seeks to set aside a foreclosure judgment and cancel a foreclosure sale. This response to the Motion for Contempt is being filed on behalf of Creditor only and to the extent Debtor seeks relief against Creditor. Amy Kiser has been advised to file her own response and obtain her own counsel.

## CREDITOR'S RESPONSE TO THE MOTION FOR CONTEMPT

7. With regard to the allegations contained in Paragraph One (1) of the Motion for Contempt, Creditor denies that the Property is part of the Debtor's bankruptcy estate in this case.

8. With regard to the allegations contained in Paragraph Two (2) of the Motion for Contempt, Creditor is without sufficient information to form an opinion about who was served with a copy of the Debtor's petition in this case. Therefore, out of an abundance, Creditor denies the allegations contained in Paragraph Two (2) of the Motion for Contempt.

9. Creditor admits the allegations contained in Paragraph Three (3) of the Motion for Contempt.

10. Creditor admits the allegations contained in Paragraph Four (4) of the Motion for Contempt.

11. Creditor admits the allegations contained in Paragraph Five (5) of the Motion for Contempt.

12. Creditor admits the allegations contained in Paragraph Six (6) of the Motion for Contempt.

13. Creditor denies the allegations contained in Paragraph Seven (7) of the Motion for Contempt.

14. Creditor denies the allegations contained in Paragraph Eight (8) of the Motion for Contempt.

15. Creditor denies the allegations contained in Paragraph Nine (9) of the Motion for Contempt.

16. With regard to the allegations contained in Paragraph Ten (10) of the Motion for Contempt, as a result of and pursuant to the Florida In Rem Order, Creditor denies that the automatic stay applies in this case to the Property.

17. With regard to the allegations contained in Paragraph Eleven (11) of the Motion for Contempt, as a result of and pursuant to the Florida In Rem Order, Creditor denies that the automatic stay applies in this case to the Property.

18. With regard to the allegations contained in Paragraph Twelve (12) of the Motion for Contempt, as a result of and pursuant to the Florida In Rem Order, Creditor denies that the automatic stay applies in this case to the Property.

19. With regard to the allegations contained in Paragraph Thirteen (13) of the Motion for Contempt, Creditor denies that the Debtor is entitled to any of the relief requested, including, but not limited to an order vacating the Florida Foreclosure Judgment or canceling any scheduled foreclosure sale with respect to the Property.

20. Creditor avers that this Court is barred by the *Rooker-Feldman* doctrine from reviewing or setting aside the Florida Foreclosure Judgment.

21. There is no basis in law or fact for the Motion for Contempt. Accordingly, the Creditor seeks an award of attorney fees and costs for having to defend the frivolous motion.

**WHEREFORE, PREMISES CONSIDERED**, the Creditor moves this Honorable Court to deny the Motion for Contempt, and further moves the Court for such other relief as may be appropriate under the circumstances, including an award of fees and costs.

Respectfully submitted:

U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust, by Fay Servicing, LLC

/s/ Michael J. McCormick
MICHAEL J. McCORMICK, ESQ.

Bankruptcy Case No.: 22-10036

Chapter: 13

# CERTIFICATE OF SERVICE

I, Michael McCormick, of MCCALLA RAYMER LEIBERT PIERCE, LLC, 1544 Old Alabama Road, Roswell, GA 30076, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on the date below, I served a copy of the foregoing pleading filed in this bankruptcy matter on the following parties at the addresses shown, by regular United States Mail, with proper postage affixed, unless another manner of service is expressly indicated:

Avis Vennessa Williams, PRO SE
224 Clark St.
Eatonville, FL 32751

Avis Vennessa Williams, PRO SE
1110 Ballpark Lane
Apt 2107
Lawrenceville, GA 30043

Avis Vennessa Williams, PRO SE
786 Crystal Bay Lane
Alafaya, FL 32828

Jonathan W. DeLoach, Trustee          *(served via ECF Notification)*
Office of The Chapter 13 Trustee
P. O. Box 1907
Columbus, GA 31902

U.S. Trustee – MAC                    *(served via ECF Notification)*
440 Martin Luther King Jr. Boulevard
Suite 302
Macon, GA 31201

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 07/13/2022 By: Michael J. McCormick
           (date)            *Michael J. McCormick*
                                          BAR NO. 25180
                                          Attorney for Creditor