IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| IN RE:<br><br>AVIS VANESSA WILLIAMS,<br><br>      Debtor. | Case No. 22-10036<br>Chapter 13<br>Judge Carter |

**AMY KISER'S RESPONSE TO DEBTOR'S MOTION UNDER LBR 1017-2(h)**

COMES NOW, Amy Kiser ("Ms. Kiser"), and files this Response to the Debtor's filing construed by this Court as "a motion under Local Bankruptcy Rule 1017-2(h) requiresting that her *Emergency Motion Requesting the Court to Hold Amy Kiser, Esq., in Contempt for Intentionally Violating Automatic Stay, and for an Order Vacating the Foreclosure Judgment and Canceling the Sale*, filed May 31, 2022 (Doc. 66), remain active despite case dismissal." *See* [Doc. 95].

1. The Debtor commenced this bankruptcy case on January 20, 2022, initially filing under Chapter 7. *See* [Doc. 1].

2. The Debtor's Petition contains conflicting information about her domicile. In Section 5 of Part 1 of the Petition, the Debtor listed two addresses for where she lives, one in Albany, Georgia, and the other in Winter Garden, Florida. *See* [Doc. 1] at p. 2. She identified the Albany address as her "primary residence" but indicated that her mailing address is 224 Clark Street, Eatonville, Florida 32751. *Id.* The Clerk scanned in the envelope that the Petition was mailed in, which contains a USPS Tracking number indicating that the Petition was mailed from ZIP Code 34787, which is in Winter Park, Florida. *See* USPS Tracking Plus Statement, attached hereto as **Exhibit "A"**.

1

3. On January 28, 2022, the Debtor filed an Amended Petition, which was also mailed from ZIP Code 34787. *See* [Doc. 24] at p. 24.

4. The Debtor's schedules, filed on February 9, 2022, do not show any property in Georgia or any leases of property in Georgia, instead listing two properties in Florida. *See* [Doc. 38] at pp. 1, 20-21. The schedules also state that the Debtor is employed at a UPS Store in Atlanta, and has worked there for three years. *Id.* at p. 24.

5. The case was converted to Chapter 13 on April 4, 2022. [Doc. 48]. The Debtor's Motion to Convert, filed on March 3, 2022, was mailed from Orlando, Florida. *See* [Doc. 42] at p. 3 (postage cancellation stamp).

6. On May 31, 2022, the Debtor filed an "Emergency Motion Requesting the Court to Hold Amy Kiser, Esq. in Contempt for Intentionally Violating Automatic Stay, and For an Order Vacating the Foreclosure Judgment and Canceling the Sale" (the "Stay Violation Motion"). [Doc. 66]. The Stay Violation Motion was mailed from ZIP Code 32710, which is in Orange County, Florida. *See id.* at p. 66.

7. In the Stay Violation Motion, the Debtor stated that she and an individual named Derick Richardson own a property at 786 Bay Lane in Orlando, Florida (the "Property"). *Id.* at ¶ 4. U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee for LSF9 Master Participation Trust ("U.S. Bank") is the mortgagee on the Property and filed judicial foreclosure proceedings in 2016. *See id.* at ¶ 5; *see also* [Doc. 89].

8. Mr. Richardson filed for bankruptcy in the Middle District of Florida in January 2022, Case No. 6:21-bk-05038-LVV. *Id.* at ¶ 7 (there is a typo in the case number in the Stay Violation Motion). This was Mr. Richardson's *ninth* bankruptcy filing since 2011. *See* [Doc. 89] at p. 3.

9. In Mr. Richardson's case, U.S. Bank obtained *in rem* stay relief under 11 U.S.C. § 362(d)(4) as to the Property on February 2, 2022, and recorded the order in the deed records of Orange County, Florida (where the Property is located) on February 11, 2022. *See* [Doc. 89-1].

10. The Debtor here claims that Ms. Kiser violated the automatic stay in this case because she filed a motion for summary judgment in the judicial foreclosure action on May 23, 2022. *See* [Doc. 66] at ¶ 10. She further alleges that a foreclosure sale was scheduled for July 2022. *Id.* However, that sale was cancelled and has not been rescheduled. *See* Order Cancelling Foreclosure Sale, attached hereto as **Exhibit "B"**.

11. On August 26, 2022, U.S. Bank filed a document within the foreclosure case, attached hereto as **Exhibit "C"** that revealed, *inter alia*, the following information:

    a. The Motion for Summary Judgment was filed on April 7, 2022.

    b. Avis Williams filed a notice of bankruptcy filing in response to the Motion for Summary Judgment.

    c. U.S. Bank moved to strike the notice of bankruptcy filing on May 20, 2022, noting that *in rem* relief was granted in Mr. Richardson's case and attaching a copy of the *in rem* order.

    d. At a hearing on May 23, 2022, at which Avis Williams failed to appear, the Court struck the notice of bankruptcy filing and granted the Motion for Summary Judgment.

    e. U.S. Bank has requested that the state court vacate the summary judgment order as to Avis Williams.

12. Meanwhile, in the present bankruptcy case, the Debtor filed a Notice of Change of Address on June 13, 2022, stating that she now resides in Lawrenceville, Georgia. [Doc. 72].

However, the notice was mailed from ZIP Code 34787, which is in Orange County, Florida. *See* [Doc. 72-1].

13. On July 14, 2022, this Court dismissed the bankruptcy case for failure to cure multiple deficiencies. [Doc. 90].

14. On July 28, 2022, the Debtor filed a follow up document to her Stay Violation Motion. [Doc. 94]. In that filing, she acknowledged that the *in rem* order was entered, but argued that it is void because she was never served with the stay relief motion or the order. *Id.* at ¶ 8. This document was mailed from Eatonville, Florida, despite the Debtor stating just a month earlier that she now lives in Lawrenceville, Georgia. *See id.* at p. 5.

15. This matter is now before the Court to determine if the Stay Violation Motion should remain active despite dismissal of the bankruptcy case. *See* [Doc. 95]; LBR 1017-2(h).

16. This Court arguably has subject matter jurisdiction despite the dismissal of the case. *See Kennedy v. Najarian Cap. LLC (In re Kennedy)*, No. 19-64620-WLH, 2021 WL 1396565, at *2 (Bankr. N.D. Ga. 2021) (citing *Justice Cometh, Ltd. v. Lamert*, 426 F.3d 1342, 1343 (11th Cir. 2005)). However, "[e]xcept in a case under chapter 15 of title 11, nothing in [11 U.S.C. § 1334] prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 11 U.S.C. § 1334(c)(1).

17. As this Court has recently stated,

The factors typically considered for discretionary abstention include:

> (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of

> relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Nationstar Mortg., LLC v. Williams (In re Williams)*, No. 20-10087-AEC, 2022 WL 3093718, at *3 (Bankr. M.D. Ga. Aug. 2, 2022) (quoting *In re Moran Lake Convalescent Ctr., LLC*, No. 10-43405-MGD, 2012 WL 4511339, at *5 (Bankr. N.D. Ga. Aug. 28, 2012)).

18.  Additionally, as relevant here, venue in a bankruptcy case is only proper in the district

> in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

28 U.S.C. § 1408(1). If a case is filed in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case" to the correct district. 28 U.S.C. § 1406(a).

19.  Here, the interests of justice and lack of venue should result in this Court abstaining from hearing the Stay Violation Motion.

20.  To begin with, the evidence strongly suggests that this case is a bad faith attempt at forum shopping and that the Debtor has no connection whatsoever to the Middle District of Georgia. Every filing has been sent from Orange County, Florida, where the Property is located (even the filing in which the Debtor contends her new address is in Metro Atlanta) and the Petition discloses no connection to this district other than listing an address in Albany but no lease or ownership interest in that property. Curiously, the Debtor also claims to have been

5

working in Atlanta at a UPS Store for three years. It is extremely unlikely that is true given the distance to Atlanta from both Albany and Orlando. This Court is almost certainly the wrong venue, and there is no reason for any transfer to the Middle District of Florida given that the Debtor is forum shopping and, moreover, the case is dismissed.

21. Even if venue was proper, the Stay Violation Motion should not be heard, regardless of its merits (or lack thereof). First and foremost, there has not been a foreclosure sale, the Debtor has not alleged any damages in the motion, and U.S. Bank, with Ms. Kiser as one of its attorney, has asked the state court to vacate the order granting summary judgment so that any potential defects are cured (although an *in rem* stay relief order was entered and recorded prior to Ms. Kiser taking any actions in the lawsuit). Additionally, there is no justice to be served when all signs point to the Debtor and Mr. Richardson abusing the bankruptcy process to delay the foreclosure sale of the Property. This Court should keep this case dismissed and abstain from hearing the Stay Violation Motion.

WHEREFORE, Ms. Kiser respectfully requests that this Court abstain from hearing the Stay Violation Motion.

Respectfully submitted, this 9th day of September, 2022.

*/s/Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
(678) 281-2730 (Telephone)
(470) 508-9203 (Facsimile)
bchaness@rlselaw.com

*Attorney for Amy Kiser*

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this 9th day of September, 2022, filed the within and foregoing via CM/ECF, which will serve electronic notice on all registered users. Additionally, on the same day, I caused the within and foregoing to be sent via U.S. First Class mail, addressed as follows:

Avis Vanessa Williams
1110 Ballpark Lane
Apt. 2107
Lawrenceville, GA 30043

Avis Vanessa Williams
224 Clark Street
Eatonville, FL 32751

*/s/Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)